LANDRIEU,
Judge, dissents in part and
concurs in part.
Contrary to the holding of the majority, I would find that the trial court was clearly wrong in not assessing some percentage of fault to Officer Ross. The mere allegation that the vehicle was stalled on the downslope of an overpass does not, absent proof that the configuration of the overpass prevented him from avoiding the accident, absolve a driver of all responsibility for striking a stalled vehicle.
The overpass, which was itself introduced into evidence, is designed with appropriate sight distances so that a vehicle being driven within the permissible speed limits and with ordinary care can be brought to a stop before striking a stationary object in that vehicle’s lane, regardless of the respective positions on the overpass of the stationary object and the approaching vehicle. That sight distance is present even when the stationary object is on the downslope and the approaching vehicle is on the upslope of the overpass. Moreover, this minimum sight distance increases in accordance with the height of the stationary vehicle and the eye level of the approaching motorist.
The overpass was well-lighted and Officer Ross does not allege that his view was obstructed. Rather, he claims that a vehicle to his right prevented him from swerving out of the left lane. Clearly, Officer Ross (who claimed that he was travelling at 45 miles per hour) should have been able to stop his vehicle. Even accepting as fact Officer Ross’s claim that the Singleton vehicle was stopped without lights over the crest of the overpass, he was at fault for ramming the Singleton *1335 vehicle from the rear. Accordingly, I would assign twenty-five (25%) percent fault to Officer Ross.
I concur in the reversal of the judgment in favor of Robert L. Bonnaffons, Officer Ross’s attorney, for attorney’s fees. Clearly, the attorney is not a party to the litigation and such an award is improper. Moreover, in the absence of a contract or agreement, an employer is not legally responsible for its employees’ expenses when that employee is sued for negligence. Although not directly arguing this aspect of the issue on appeal, RTA has maintained throughout these proceedings that it was not legally obligated to defend Officer Ross and thus the issue is properly before us.
A finding that Officer Ross was an RTA employee does not alone resolve the- issue of attorney’s fees in his favor. Officer Ross has no cause of action against the RTA. The fact that RTA is a self-insurer is of no comfort to Officer Ross. See Hearty v. Harris, 574 So.2d 1234 (La.1991); Aisole v. Dean, 574 So.2d 1248 (La.1991). Thus, although the RTA may choose to reimburse Ross for his cost of defense in addition to his recovery for his personal injuries, it cannot be legally mandated to do so.